RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
Email: nrubin@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiffs
*OYSTER OPTICS, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC, a Texas Corporation,<br><br>  PLAINTIFF;<br><br>  v.<br><br>CIENA CORPORATION, a Delaware Corporation;<br><br>  DEFENDANT. | CASE NO. 4:21-CV-02241<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

COMPLAINT

Plaintiff Oyster Optics, LLC ("Oyster" or "Plaintiff") files this complaint against Defendant Ciena Corporation ("Ciena" or "Defendant"), alleging infringement of U.S. Patent Nos. 6,469,816, 6,476,952, 6,594,055, and 7,620,327.

## PLAINTIFF OYSTER OPTICS AND THE PATENTS IN SUIT

1. Plaintiff Oyster Optics, LLC is a technology licensing company organized under the laws of Texas, and has a place of business at 11921 Freedom Drive, Suite 550, Reston, VA 20190.

2. In the early 2000s, Oyster Optics, Inc., a research, development, and engineering company, was focused upon innovation in government, commercial, security, and broad-band applications of leading edge fiber optics technology. Mr. Peter ("Rocky") Snawerdt was at Oyster Optics, Inc. when he invented the subject matter of U.S. Patent Nos. 6,469,816; 6,476,952; 6,594,055 and 7,620,327 (collectively, "asserted patents" or "patents-in-suit").

3. Oyster is the owner by assignment of United States Patent No. 6,469,816 ("the '816 Patent") entitled "Phase-Modulated Fiber Optic Telecommunications System." The '816 Patent was duly and legally issued by the United States Patent and Trademark Office on October 22, 2002. A true and correct copy of the '816 Patent is included as Exhibit A.

4. Oyster is the owner by assignment of United States Patent No. 6,476,952 ("the '952 Patent") entitled "Phase-Modulated Fiber Optic Telecommunications System." The '952 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2002. A true and correct copy of the '952 Patent is included as Exhibit B.

5. Oyster is the owner by assignment of United States Patent No. 6,594,055 ("the '055 Patent") entitled "Secure Fiber Optic Telecommunications System and Method." The '055 Patent was duly and legally issued by the United States Patent and Trademark Office on July 15, 2003. A true and correct copy of the '055 Patent is included as Exhibit C.

Russ, August & Kabat

6. Oyster is the owner by assignment of United States Patent No. 7,620,327 ("the '327 Patent") entitled "Fiber Optic Telecommunications Card with Energy Level Monitoring." The '327 Patent was duly and legally issued by the United States Patent and Trademark Office on November 17, 2009. A true and correct copy of the '327 Patent is included as Exhibit D.

## DEFENDANT CIENA CORPORATION

7. Defendant Ciena Corporation is a Delaware corporation. Ciena has a regular and established place of business within this District including at 3939 N. First Street, San Jose, California.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has personal jurisdiction over Defendants. Defendants have regular and established places of business within this district and have committed acts of infringement within this district (e.g., selling and using Accused Products). Defendants have established minimum contacts with the State of California such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §§ 1391(c). Defendants have regular and established places of business in this district as set forth above.

## COUNT I
## INFRINGEMENT OF THE '816 PATENT

11. Oyster references and incorporates by reference paragraphs 1 through 10 of this Complaint.

12. On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '816 Patent, and continues to do so. By way of illustrative example, Ciena's infringing products include without

limitation the WaveLogic T2 and R2, ActiveFlex 6500 Packet-Optical Platform, and ActiveSpan 4200 Advanced Services Platform.

13. Defendant also knowingly and intentionally induces infringement of the claims of the '816 Patent in violation of 35 U.S.C. § 271(b). Since At least the filing and service of the Complaint in *Oyster Optics, LLC v. Ciena Corporation*, United States District Court for the Eastern District of Texas, Case No. 2:16-cv-01300, Defendant has had knowledge of the '816 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '816 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '816 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '816 Patent, thereby specifically intending for and inducing its customers to infringe the '816 Patent through the customers' normal and customary use of the Accused Products.

14. The Accused Products satisfy all claim limitations of the claims of the '816 Patent. A claim chart comparing independent claim 1 of the '816 Patent to the representative Accused Product, Ciena's ActiveFlex 6500 Packet-Optical Platform with WaveLogic T2 40G, is attached as Exhibit E.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '816 Patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '816 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

# COUNT II

# INFRINGEMENT OF U.S. PATENT NO. 6,476,952 AGAINST CIENA

17. Oyster references and incorporates by reference paragraphs 1 through 16 of this Complaint.

18. On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '952 Patent, and continues to do so. By way of illustrative example, Ciena's infringing products include without limitation the WaveLogic T2 and R2, ActiveFlex 6500 Packet-Optical Platform, and ActiveSpan 4200 Advanced Services Platform.

19. Defendant also knowingly and intentionally induces infringement of the claims of the '952 Patent in violation of 35 U.S.C. § 271(b). Since At least the filing and service of the Complaint in *Oyster Optics, LLC v. Ciena Corporation*, United States District Court for the Eastern District of Texas, Case No. 2:16-cv-01300, Defendant has had knowledge of the '952 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '952 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '952 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '952 Patent, thereby specifically intending for and inducing its customers to infringe the '952 Patent through the customers' normal and customary use of the Accused Products.

20. The Accused Products satisfy all claim limitations of the claims of the '952 Patent. A claim chart comparing independent claim 1 of the '952 Patent to the representative Accused

Product, Ciena's ActiveFlex 6500 Packet-Optical Platform with WaveLogic T2 40G, is attached as Exhibit F.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '952 Patent pursuant to 35 U.S.C. § 271.

22. As a result of Defendant's infringement of the '952 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,594,055 AGAINST CIENA

23. Oyster references and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '055 Patent, and continues to do so. By way of illustrative example, Ciena's infringing products include without limitation the WaveLogic T2 and R2, ActiveFlex 6500 Packet-Optical Platform, and ActiveSpan 4200 Advanced Services Platform.

25. Defendant also knowingly and intentionally induces infringement of the claims of the '816 Patent in violation of 35 U.S.C. § 271(b). Since At least the filing and service of the Complaint in *Oyster Optics, LLC v. Ciena Corporation*, United States District Court for the Eastern District of Texas, Case No. 2:16-cv-01300, Defendant has had knowledge of the '055 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '055 Patent, Defendant continues to actively encourage and instruct its customers and end users (for

example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '055 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '055 Patent, thereby specifically intending for and inducing its customers to infringe the '055 Patent through the customers' normal and customary use of the Accused Products.

26. The Accused Products satisfy all claim limitations of the claims of the '055 Patent. A claim chart comparing independent claim 1 of the '055 Patent to the representative Accused Product, Ciena's ActiveFlex 6500 Packet-Optical Platform with WaveLogic T2 40G, is attached as Exhibit G.

27. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '055 Patent pursuant to 35 U.S.C. § 271.

28. As a result of Defendant's infringement of the '055 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,620,327 AGAINST CIENA

29. Oyster references and incorporates by reference paragraphs 1 through 27 of this Complaint.

30. On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '327 Patent, and continues to do so. By way of illustrative example, Ciena's infringing products include without

limitation the WaveLogic T2 and R2, ActiveFlex 6500 Packet-Optical Platform, and ActiveSpan 4200 Advanced Services Platform.

31. Defendant also knowingly and intentionally induces infringement of the claims of the '327Patent in violation of 35 U.S.C. § 271(b). Since At least the filing and service of the Complaint in *Oyster Optics, LLC v. Ciena Corporation*, United States District Court for the Eastern District of Texas, Case No. 2:16-cv-01300, Defendant has had knowledge of the '327 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '327 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '327 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '327 Patent, thereby specifically intending for and inducing its customers to infringe the '327 Patent through the customers' normal and customary use of the Accused Products.

32. The Accused Products satisfy all claim limitations of the claims of the '327 Patent. A claim chart comparing independent claim 1 of the '327 Patent to the representative Accused Product, Ciena's ActiveFlex 6500 Packet-Optical Platform with WaveLogic T2 40G, is attached as Exhibit H.

33. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '327 Patent pursuant to 35 U.S.C. § 271.

34. As a result of Defendant's infringement of the '327 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Oyster respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Ciena infringed, either literally and/or under the doctrine of equivalents, U.S. Patent Nos. 6,469,816, 6,476,952, 6,594,055, and 7,620,327;

b. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of U.S. Patent Nos. 6,469,816, 6,476,952, 6,594,055, and 7,620,327; and

c. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Oyster, including without limitation, prejudgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

e. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

DATED: March 30, 2021   **RUSS, AUGUST & KABAT**

*/s/ Paul A. Kroeger*
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*OYSTER OPTICS, LLC*