UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CIENA CORPORATION,<br><br>Defendant. | Case No. 21-cv-02241-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS AND SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 23 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Ciena Corporation ("Ciena"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and in the related case, *Oyster Optics, LLC v. Ciena Corporation*, No. 17-cv-5920-JSW ("*Oyster I*"). The Court HEREBY GRANTS, IN PART, AND DENIES, IN PART, Ciena's motion.

**BACKGROUND**

This is the third lawsuit between Plaintiff Oyster Optics LLC ("Oyster") and Ciena that is pending before the undersigned.[1] Oyster filed *Oyster I* in the United States District Court for the Eastern District of Texas, and it was transferred to this Court in 2017. (*See Oyster I*, Dkt. Nos. 2, 28, 30.) In that case, Oyster initially alleged that Ciena infringed United States Patents 6,469,816 (the "'816 Patent"), 6,476,952 (the "'952 Patent"), 6,594,055 (the "'055 Patent"), and 7,620,327 (the "'327 Patent"), among others. (*See generally Oyster I*, Dkt. No. 2, Complaint.) Oyster filed an amended complaint on March 7, 2017. (*See Oyster Optics, LLC v. Coriant America,* E.D. Tex.

---

[1] Oyster filed the second case in this District on April 7, 2020, *Oyster Optics LLC v. Ciena Corporation*, No. 20-cv-2354-JSW. It is stayed and is not relevant to the pending motion.

No. 16-cv-1302-JRG, Dkt. No. 35 (*Oyster I* Amended Complaint).)[2]

With respect to the '816, '952, and '055 Patents, Oyster alleged that Ciena's infringing products included, without limitation, its FlexSelect 40G Shelf products, CoreSteam Agility, CN 4200 platforms, and its 6500 Series products, which are referred to as 40G products. (*Oyster I* Complaint ¶¶ 17, 31-32, 42-43; *Oyster I* Amended Complaint, ¶¶ 17, 32-33, 44-45.) Oyster alleged that "Ciena's 6500 family of products, including without limitation the 6500 T-12, 6500-D2, 6500-7, and 6500-S32" infringed the '327 Patent and referred to "the exemplary infringing products as the '100G Accused Instrumentalities.'" (*Oyster I*, Amended Complaint ¶ 67; *see also id.* ¶¶ 68-74 (describing the 100G Accused Instrumentalities).)

On April 3, 2017, Oyster served infringement contentions and accused "[a]ll versions and variations of any product utilizing Ciena's 6500 series products … [and] Ciena's 4200 products" of infringing the '327 Patent. (Dkt. No. 23-1, Declaration of Blair M. Jacobs, ¶ 1, Ex. 1; *see also Oyster 1*, Compl. ¶ 64.)

On May 19, 2017, Oyster voluntarily dismissed, without prejudice, its claims relating to the '816, '952, and '055 Patents, *i.e.* the patents that allegedly covered Ciena's 40G products. On January 29, 2018, the Court granted a motion to stay *Oyster I* pending *inter partes* review. (Dkt. No. 59.) The stay was lifted on September 23, 2019. (*Oyster I,* Dkt. No. 84.) On December 13, 2019, Magistrate Judge Beeler was assigned to handle any discovery disputes between the parties. (*Id.*, Dkt. Nos. 90-91.)

On February 19, 2021, the parties submitted a joint letter brief relating to a dispute about whether Ciena should be required to produce financial information regarding its 40G products. (*Id.*, Dkt. No. 156, Joint Letter Brief.) Oyster took the position that its infringement contentions "prove that the accused '40G' products fall well within the scope of this case." (Joint Letter Brief at 1; *see also id.* at 2-3.) Ciena took the position it was not required to produce that information because Oyster voluntarily dismissed claims relating to the patents that covered those products. (*Id.* at 3-5.)

---

[2] The amended complaint was not filed in the docket in this Court when the case was transferred.

2

On February 27, 2021, Judge Beeler issued an Order denying Oyster's request for discovery on the 40G products (the "Discovery Order"). (*Oyster I*, Dkt. No. 161.) In reaching that decision, Judge Beeler stated:

> Oyster … contends that its infringement contentions (under the Eastern District of Texas's patent local rule 3-1) identify 40G products sufficiently to allow discovery of the financial information for its calculation of damages (citing in part its footnotes allegedly identifying 40G technology and cards). Those references are to the products' chassis (the box that allows either 40G or 100G cards). They do not establish that Oyster accused the 40G products. *Oyster perhaps could have amended its infringement contentions. … But discovery is over now.*

(Discovery Order at 2:7-13 (emphasis added).) Oyster neither moved for reconsideration nor asked the undersigned to review that decision.[3]

On March 30, 2021, Oyster filed this lawsuit and alleges that Ciena infringes the '816 Patent, the '952 Patent, and the '055 Patent, each of which was subject to the stipulated dismissal in *Oyster I*. It also alleges Ciena infringes the '327 Patent. (Compl. ¶¶ 3-6, 11-34.) The "Accused Products" are Ciena's WaveLogic T2 and R2, ActiveFlex 6500 Packet-Optical Platform, and ActiveSpan 4200 Advanced Services Platform.[4] (*Id.* ¶¶ 12, 14, 18, 20, 24, 26, 30, 32, Exs. E-H.)

Oyster also alleges that Ciena "knowingly and intentionally induces infringement" of the claims of the asserted patents by "actively encourage[ing] and instruct[ing] its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe" the asserted patents "through the customers' normal and customary use of the Accused Products." (*Id.* ¶¶ 13, 19, 25, 31.)

The Court will address additional facts as necessary in the analysis.

---

[3] Oyster also argued that its infringement contentions were sufficient because Ciena's 40G and 100G products are substantially identical and Oyster asserted representative products. Judge Beeler rejected that argument and concluded "[o]n this record, the 40G products do not operate in the same way as the 100G products because the energy-level detection circuitry is different." (*Id.* at 3:1-5 (citing Joint Letter Brief, Exs. J-K).) For reasons discussed below, the Court concludes those findings are not material to this dispute.

[4] For each of the asserted patents in this case, Oyster alleges these products are "illustrative examples" of infringing products.

**ANALYSIS**

Ciena argues the Court should dismiss all claims for induced infringement because the allegations are not sufficient. It also argues the Court should dismiss the claim relating to the '327 Patent because Oyster improperly split its claims and is attempting to collaterally attack the Discovery Order.

**A.      Applicable Legal Standard.**

Ciena moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.      Oyster's Allegations of Induced Infringement Are Sufficient.**

In order to state a claim for induced infringement, Oyster "must plead facts plausibly showing that [Ciena] specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (internal quotations and brackets omitted); *see also* 5 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Ciena does not dispute that once Oyster filed suit in *Oyster I* it became aware of the asserted patents.

Ciena does argue that the facts contained in paragraphs 13, 19, 25, and 31 of the Complaint

are not sufficient to allege the remaining elements. First, it argues that the allegations that it knowingly and encourages infringement by providing customers with "user manuals and online instruction materials on its website" are too conclusory to state a claim. The Court is not persuaded by this argument, and it finds those allegations are sufficient under *Twombly*. *See, e.g., Teradata US, Inc. v. SAP, SE*, No. 20-cv-06127-WHO, 2021 WL 326930, at *7 (N.D. Cal. Feb. 1, 2021); *Illumina, Inc. v. BGI Genomics, Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) (addressing allegations in the defendant's counterclaims and citing cases); *J&K IP Assets, LLP v. Armaspec, Inc.*, No. 17-cv-07308-WHO, 2018 WL 2047536, at *2 (N.D. Cal. May 2, 2018).

Ciena also argues that Oyster fails to adequately allege it knew others were directly infringing the asserted patents or that it had the requisite intent. It bases these arguments on the parties' dismissal and on its efforts to defend *Oyster I*. However, the "undisputed facts" on which Ciena relies are arguments alone. For example, the stipulated dismissal does not include any information about why Oyster agreed to drop those claims. Ciena's arguments may bear fruit as this case progresses, but the Court concludes the allegations are sufficient to survive this motion to dismiss.

### C. The Court Dismisses the Claims Relating to the '327 Patent.

Oyster alleges that Ciena's 40G products infringe the '327 Patent, which also is asserted against Ciena in *Oyster I*. As a result of the Discovery Order, those products are not a part of *Oyster I*. (*See also* Jacobs Decl., ¶ 5, Ex. 5 (parties agreed that 40G products need not be addressed in Ciena's expert reports).) Ciena argues Oyster has improperly split its claims.[5]

"It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619

---

[5] In light of the Court's ruling on this issue, it does not address Ciena's alternative argument that the claims regarding the '327 Patent are an impermissible collateral attack on the Discovery Order.

5

(Fed. Cir. 1995); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-cv-03677-JST, 2013 WL 10448869, at *2-3 (N.D. Cal. Oct. 22, 2013) (noting doctrine is a "subspecies" of the doctrine of claim preclusion and "prevents a party from splitting a cause of action into separate grounds of recovery and raising the separate grounds in successive lawsuits"). In the context of patent cases, "the claim that gives rise to preclusion ... encompass[es] only the particular infringing acts ... that are accused in the first action *or could have been made subject to that action*." *Aspex Eyewear Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1343 (Fed. Cir. 2012) (emphasis added); *accord Finjan, Inc. v. Blue Coat Systems, LLC*, 230 F. Supp. 3d 1097, 1103 (N.D. Cal. 2017).

Unlike a traditional claim preclusion analysis, the Court assumes *Oyster I* is final and then asks if the claim in this suit would be precluded. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *Icon-IP PTY Ltd.*, 2013 WL 10448869, at *3. That requires the Court to answer two questions. First, are the parties the same? *Accumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (applying Ninth Circuit law).[6] They are.

Second, under Federal Circuit law, do *Oyster I* and this case involve the same claim for relief? *Id.* (applying Federal Circuit law to this question). That requires the Court to consider if Ciena has demonstrated that the patents are the same and that the accused products are essentially the same. *Id.* at 1324; *see also Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014). There is no dispute that Oyster alleges Ciena infringes the '327 Patent in *Oyster I* and in this case. "Accused devices are essentially the same where the differences between them are merely colorable or unrelated to the limitations in the claim of the patent." *Id.* (internal quotations and citations omitted).

The Court concludes that the relevant comparison of accused products is not a comparison of the 40G and the 100G products. Instead the Court looks only to the 40G products, and Oyster

---

[6] In general, in order to determine if claim preclusion applies, the Federal Circuit applies regional circuit law. *See Brain Life, LLC v. Elekta, Inc.*, 746 F.3d 1045, 1052 (Fed. Cir. 2014).

6

does not dispute that those products are the same. Although there was a dispute about whether, in *Oyster I,* Oyster properly alleged that those products infringed the '327 Patent, it is undisputed that they were initially a part of that case. In addition, Oyster's expert provided a report, in which he opined the 40G products infringed the '327 Patent. (*See Oyster I*, Dkt. No. 177-10 (Goosen Expert Report).) Because the 40G products are the same in each case, the Court concludes Ciena has met its burden on the second prong of the claim splitting analysis. *See, e.g., Finjan*, 230 F. Supp. 3d at 1103 (concluding claim splitting barred some claims where, in previous case, the plaintiff accused the same "combination of products" at issue in second case even though it accused those products of "infringing a patent not at issue in the present motion"). The 40G products and the '327 Patent "are exactly the same" as in *Oyster I*, and Oyster could have accused those products then. Under the claim-splitting doctrine, Oyster "not entitled to a second bite at this apple[.]" *Id.*

Accordingly, the Court GRANTS Ciena's motion to dismiss the claims against the '327 Patent, without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Ciena's motion to dismiss. Ciena shall file its answer within fourteen (14) days of this Order. The parties shall appear for an initial case management conference on August 27, 2021, and they shall file a joint case management statement by no later August 20, 2021.

**IT IS SO ORDERED**.

Dated: July 16, 2021

JEFFREY S. WHITE
United States District Judge