UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>CIENA CORPORATION,<br><br>  Defendant. | Case Number: 4:21-cv-02241<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br>VACATING CASE MANAGEMENT CONFERENCE, AND ORDER OF REFERRAL TO MAGISTRATE JUDGE BEELER FOR SUPERVISION OF DISCOVERY |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over Plaintiff Oyster Optics, LLC's ("Oyster") claims against Defendant Ciena Corporation ("Ciena") for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**PLAINTIFF'S STATEMENT:** Oyster is the legal owner of U.S. Patents Nos. 6,469,816 ("the '816 patent"), 6,476,952 ("the '952 patent"), and 6,594,055 ("the '055 patent"), (collectively, the "Asserted Patents"). The Asserted Patents present specific improvements to fiber optics telecommunications systems.

Defendant Ciena infringes the Asserted Patents by making, using, selling, and/or offering to sell their accused fiber optics telecommunications systems and components thereof. Ciena actively induces its customers to infringe the Asserted Patents. Oyster has suffered and will continue to suffer severe competitive harm, irreparable injury, and significant damages as the direct and proximate result of Ciena's conduct, and Oyster is therefore entitled to damages of no less than a reasonable royalty, preliminary and permanent injunctive relief, attorney's fees, and such other and further relief as the Court may deem to be just and proper.

**CIENA'S STATEMENT:**

On or about, August 12, 2016, Oyster, a non-practicing entity which is not competitive with Ciena, purchased the Asserted Patents. Approximately three and a half months later, Oyster began a patent assertion campaign by suing numerous telecommunications companies. On November 23 – 24, 2016, Oyster filed nine patent infringement cases with eight of those cases alleging infringement of the same seven patents and one case alleging infringement of three of those seven patents. Among the nine patent infringement cases initially filed by Oyster, one accused Ciena and Ericsson Inc. of infringing U.S. Patent Nos. 6,469,816 (the '816 patent), 6,476,952 (the '952 patent), 6,594,055 (the '055 patent), 7,099,592 (the '592 patent), 7,620,327 (the '327 patent), 8,374,511 (the '511 patent), and 8,913,898 (the '898 patent). Dkt. No. 1 (E.D. Tx. 2:16-cv-1300) ("*Oyster I*").

On May 9, 2017, Oyster filed a Stipulation dismissing the '816 patent, the '952 patent, the '055 patent, and the '592 patent against Ciena. Dkt. No. 90 (E.D. Tx. 2:16-cv-1302). On June 15, 2017, Ciena filed a Motion to Dismiss or in the Alternative Transfer Based on Improper Venue and Convenience. Dkt. No. 5 (E.D. Tx. 2:16-cv-1300). On October 16,

2017, the lawsuit was transferred to the Northern District of California. Dkt. No. 30 (N.D. Ca 4:17-cv-05920-JSW).

Between April of 2018 and July of 2019, Oyster continued its patent assertion campaign in the Eastern District of Texas by filing six more lawsuits against telecommunications companies.

On April 7, 2020, Oyster filed a second action (4:20-cv-02354-JSW) ("*Oyster II*") against Ciena and AT&T Inc. ("AT&T) alleging infringement of 6,665,500 (the '500 patent) and 10,554,297 (the '297 patent). Oyster voluntarily dismissed AT&T on June 8, 2020. On June 18, 2020, Oyster sued Cisco Systems, Inc. in the Eastern District of Texas for allegedly infringing the '500 patent. Dkt. No. 1 (E.D. Tx 2:20-cv-00211).

On March 30, 2021, Oyster filed the instant action (4:21-cv-02241) ("*Oyster III*") against Ciena re-alleging infringement of the '816, '952, '055, and '327 patents. The Court dismissed Oyster's claims relating to the '327 patent. Dkt. No. 32 at 5:17-7:14.

3.  <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Subject to and without waiving their respective positions and arguments, the parties assert that the disputed points of law include at least the following:

A.  The proper construction of the asserted claims of the Asserted Patents;

B.  Whether Oyster's claims are barred, in whole or in part, by any defenses asserted by Ciena;

C.  Whether Ciena directly infringes the Asserted Patents under 35 U.S.C. § 271(a);

D.  Whether Ciena induces the infringement of the Asserted Patents under 35 U.S.C. § 271(b);

E.  Whether Oyster is entitled to damages, costs, expenses, and prejudgment interest, and the extent thereof;

*Form updated August 2021*

   F. Whether Oyster or Ciena is entitled to attorneys' fees under 35 U.S.C. § 285, and the extent thereof;

   G. Whether Oyster released Ciena from all or part of its claims of infringement as to Accused Products that contain Fujitsu products;

   H. Whether the Asserted Patents are invalid; and

   I. Whether Oyster has a good faith basis for accusing Ciena's WaveLogic 2 coherent transceivers of infringing patent claims that require one or more of (i) an interferometer having an interferometric delay, (ii) splitting an optical signal into two paths of different lengths, (iii) imposing a delay on an electronic data stream, and the like.

Each party reserves its right to raise or dispute issues not identified in the foregoing list.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

  There are no motions currently pending before the Court. The parties anticipate filing claim construction briefs and motions for summary judgment or other dispositive motions, pursuant to Patent L.R. 4-5 and the Court's Standing Order for Patent Cases.

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

  **PLAINTIFF'S STATEMENT:** Oyster does not presently anticipate adding or dismissing any parties or claims. However, Oyster reserves the right to amend its complaint if facts justifying such amendment are uncovered during the course of discovery.

  **CIENA'S STATEMENT:** Ciena reserves the right to amend its pleadings in light of the discovery to be taken in this case, and co-pending cases where Oyster is also asserting one or more of the asserted patents. Discovery in co-pending cases could provide information relevant to additional claims and/or defenses, including without limitation allegations of inequitable conduct, license defenses, noninfringement defenses, and invalidity defenses.

6. <u>Evidence Preservation</u>
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R.*

Form updated August 2021

*Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Federal Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Given the early stage of this action, the parties are still assessing their positions regarding an agreement to govern the discovery and production of Electronically Stored Information and will continue to work in good faith to come to a mutual agreement.

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties agree to serve their initial disclosures by August 20, 2021.

8.  <u>Discovery</u>
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date. The parties anticipate that discovery will include mandatory Rule 26 disclosures, written discovery, depositions, third-party discovery, and expert witness discovery. The scope of anticipated discovery will include issues relating to the allegations in Oyster's complaint and any defense or counterclaim pleaded by Ciena.

The parties agree that fact discovery shall be conducted without phases, except as specifically provided in any stipulated production protocol for ESI. The parties agree that fact discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Court's orders, subject to the following specifically identified modifications.

*Modifications to Discovery Under the Federal Rules of Civil Procedure and Local Rules*

1.  Depositions

The default limitation of ten depositions per side provided by Federal Rule of Civil Procedure 30(a)(2)(A)(1) shall apply. Expert depositions shall be excluded from this limitation. There shall be a presumptive seven-hour limit for all individual and third-party

*Form updated August 2021*

depositions. With respect to third-party witnesses, the participating parties shall meet and confer to discuss how to divide the time on the record between the parties. Expert depositions will be limited to one seven-hour deposition per topic on which the expert offers opinions (e.g., infringement, non-infringement, validity, invalidity, damages).

The parties may seek leave of the Court to take additional depositions or to extend the time required for depositions of expert depositions, on a showing of good cause, consistent with the Court's orders.

2. Expert Discovery

The parties agree that no notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action or the Asserted Patents shall be the subject of discovery or inquiry at trial. The parties further agree that no communications, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this civil action or the Asserted Patents shall be the subject of discovery or inquiry at trial. Materials, communications, and other information exempt from discovery pursuant to this paragraph shall be treated as attorney work product for the purposes of this litigation. This paragraph shall not apply to any communications or documents (including messages, notes, drafts, or other types of preliminary written work) on which the expert relied or intends to rely in forming his or her opinion as expressed in an affidavit, report, or testimony in connection with this action. Such communications or documents shall be subject to discovery and, to the extent otherwise admissible, to inquiry at trial.

3. Protective Order

The parties will meet and confer in good faith to draft a mutually agreeable protective order and shall submit a proposed protective order within 30 days of the Court's issuance of a case management scheduling order. Until the Court enters a protective order in this case, however, the parties agree that pursuant to Patent L.R. 2-2 the confidentiality of discovery

*Form updated August 2021*

materials will be governed by the authorized Northern District of California Interim Model Protective Order for Patent Cases.

    4.  Privilege Logs

No party shall be required to log privileged materials that post-date the filing of Oyster's complaint on November 24, 2016 in the corresponding case 4:17-cv-05920-JSW. Information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or protection ("Privileged Materials") that were created after November 24, 2016 does not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel, communications with litigation counsel, and internal communications within a law firm or corporate legal department do not need to be included on any privilege log, regardless of the date of their creation. Unless good cause is shown, this includes materials prepared by or on behalf of the law firms representing the parties in their capacity as counsel before the U.S. Patent and Trademark Office. The parties reserve the right to request logs of Privileged Materials created after November 24, 2016 where good cause exists.

    5.  Discovery Disputes

The parties have discussed and recognize that they are bound by the Court's rules for addressing discovery disputes as set forth in paragraph 8 of the Court's Civil Standing Orders regarding discovery disputes.

9. <u>Class Actions</u>
*If a class action, a proposal for how and when the class will be certified.*

    Not applicable.

10. <u>Related Cases</u>
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    The following cases are currently pending before other courts:

*Oyster Optics LLC v. Ciena Corporation*, 4:17-cv-05920-JSW (N.D. Cal); *Oyster Optics LLC v. Ciena Corporation; AT&T, Inc.*, 4:20-cv-02354-JSW (N.D. Cal); *Oyster Optics, LLC. v.*

*Form updated August 2021*

*Cisco Systems, Inc.*, Case No. 2:20-cv-00211 (Eastern District of Texas); *Ciena Corporation v. Oyster Optics, LLC*, IPR2021-00565.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**PLAINTIFF'S STATEMENT:** Oyster seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; preliminary and permanent injunctive relief against Ciena; a finding that this case is exceptional under 35 U.S.C. § 285 and that Oyster should be awarded its attorneys' fees; an award of prejudgement and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem to be just and proper.

Pursuant to Patent L.R. 2-1(b), Oyster states that it is unable to provide an estimate of the damages range expected for the case. To generate such an estimate, Oyster will require information from Ciena about its revenue attributable to the Accused Products. In addition, Oyster will require information from Ciena about factors relevant to a hypothetical negotiation, including but not limited to Ciena's patent licensing practices and history. Oyster trusts that Ciena will produce such information promptly during the discovery process and expects thereafter to be able to produce a non-binding, good-faith estimate of the damages range.

**CIENA'S STATEMENT:**

Ciena requests the Court to enter judgment in its favor as follows: (1) judgment against Plaintiff and in favor of Ciena that the Complaint is dismissed in its entirety, with prejudice; (2) that the Court find and declare that the Asserted Patents are not infringed by Ciena; (3) that the Court find and declare that the Asserted Patents are invalid; (4) that the Court deem this an exceptional case under 35 U.S.C. § 285 and award Ciena its costs and reasonable attorneys' fees; and (5) that the Court award Ciena any and all other further relief that the Court deems just and proper.

12. <u>Settlement and ADR</u>
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to private Mediation with Judge Folsom following entry of the claim construction order.

13. <u>Consent to Magistrate Judge For All Purposes</u>
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.    ____ YES    __X_ NO*

The parties filed their notice of declination of magistrate judge jurisdiction on May 11, 2021.

14. <u>Other References</u>
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe the case it suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties will attempt to narrow issues by agreement and/or motion after discovery has progressed.  The parties will also seek to stipulate as to facts not reasonably in dispute.  At a later time, as discovery progresses, the parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if necessary.  Ciena believes that early narrowing of asserted claims would assist the parties and Court in this matter and intends to further meet and confer to discuss a potential set of mandated narrowing guidelines with regard to asserted claims and prior art references.

16. <u>Expedited Trial Procedure</u>
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

*Form updated August 2021*

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties' specific scheduling proposal is indicated in Exhibit A. As to all deadlines not specifically proposed in Exhibit A, the parties agree that deadlines in this action will be governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders.

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**PLAINTIFF'S STATEMENT:** Oyster has demanded a jury trial for its claims and anticipates that trial will take one week.

**CIENA'S STATEMENT:** Ciena agrees that the case will be tried to a jury. The length of the trial will depend on the parties' pre-trial motions, defenses developed during fact discovery, and the ability to narrow the issues.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Oyster filed its disclosure of non-party interested entities or persons pursuant to Civil Local Rule 3-15 on December 14, 2017 in the related action *Oyster Optics, LLC v. Ciena Corporation*, Case No. 4:17-cv-05920-JSW, (Dkt. No. 45).

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties certify that all their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

*Form updated August 2021*

| | | |
|---|---|---|
| 1 | Dated: August 19, 2021 | By: */s/ Paul A. Kroeger* |
| 2 | | Marc A. Fenster |
| | | mfenster@raklaw.com |
| 3 | | Reza Mirzaie |
| | | rmirzaie@raklaw.com |
| 4 | | Paul A. Kroeger |
| 5 | | pkroeger@raklaw.com |
| | | Neil A. Rubin |
| 6 | | nrubin@raklaw.com |
| | | RUSS AUGUST & KABAT |
| 7 | | 12424 Wilshire Boulevard, 12th Floor |
| | | Los Angeles, California 90025 |
| 8 | | (310) 826-7474 – Telephone |
| 9 | | (310) 826-6991- Facsimile |
| | | |
| 10 | | Attorneys for Plaintiff |
| | | OYSTER OPTICS, LLC |

| | | |
|---|---|---|
| 13 | Dated: August 19, 2021 | By: */s/ Blair M. Jacobs* |
| 14 | | Blair M. Jacobs |
| | | bjacobs@mckoolsmith.com |
| 15 | | Christina A. Ondrick |
| | | condrick@mckoolsmith.com |
| 16 | | John S. Holley |
| | | jholley@mckoolsmith.com |
| 17 | | McKool Smith, P.C. |
| 18 | | 1717 K Street NW, Suite 900 |
| | | Washington, DC  20006 |
| 19 | | Telephone:  (214) 978-4000 |
| | | Facsimile: (214) 978-4044 |
| 20 | | |
| | | Raymond W. Stockstill (SB#275228) |
| 21 | | beaustockstill@paulhastings.com |
| | | PAUL HASTINGS LLP |
| 22 | | 695 Town Center Drive, 17th Floor Costa Mesa, California 92626 |
| 23 | | Telephone:  (714) 668-6200 |
| | | Facsimile:  (714) 979-1921 |
| 24 | | |
| | | Attorneys for Defendant |
| 25 | | CIENA CORPORATION |

Page **11** of **12**

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]  The Court adopts the parties' proposed schedule in Exhibit A, as expressly modified therein.  It is FURTHER ORDERED that the Court REFERS all discovery in this matter to Magistrate Judge Beeler, who is supervising discovery in the related case 17-5920.

IT IS SO ORDERED.

Dated: August 23, 2021

_____
UNITED STATES DISTRICT/~~MAGISTRATE~~ JUDGE
JEFFREY S. WHITE

cc: Magistrate Judge Beeler
    Magistrate Referral Clerk

*Form updated August 2021*

# EXHIBIT A
## PLAINTIFF AND DEFENDANT'S SCHEDULING PROPOSALS

The proposed schedules below address case events through claim construction. In accordance with the Court's Standing Order for Patent Cases, the parties understand that subsequent case deadlines will be addressed after the Court's issuance of a claim construction ruling.

| Event | Date |
| --- | --- |
| Exchange Initial Disclosures | Aug. 20, 2021 |
| Serve Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1, 3-2) | Sept. 10, 2021 |
| Serve Invalidity Contentions (Patent L.R. 3-3, 3-4) | Oct. 25, 2021 |
| Exchange proposed claim terms for construction (Patent L.R. 4-1) | Nov. 8, 2021 |
| Exchange preliminary claim constructions (Patent L.R. 4-2) | Nov. 29, 2021 |
| File damages contentions (Patent L.R. 3-8) | Dec. 14, 2021 |
| File joint claim construction statement (Patent L.R. 4-3) | ~~Dec. 24, 2021~~  December 23, 2021 |
| File responsive damages contentions (Patent L.R. 3-9) | Jan 13, 2022 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | Jan. 23, 2022 |
| Opening claim construction brief (Patent L.R. 4-5(a)) | Feb. 7, 2022 |
| Responsive claim construction brief (Patent L.R. 4-5(b)) | Feb. 21, 2022 |
| Reply Claim Construction Deadline (Patent L.R. 4-5(c)) | Feb. 28, 2022 |

| | |
|---|---|
| Technology Tutorial | ~~2 weeks prior to Claim Construction Hearing~~ March 10, 2022 at 10:00 a.m. |
| Claim Construction Hearing | ~~To be set by Court~~   March 24, 2022 at 10:00 a.m. |
| Advice of counsel disclosures | Claim construction ruling + 30 days |